UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


TAMMY CREDEUR

VERSUS

DOLGENCORP, LLC D/B/A DOLLAR
GENERAL, ET AL

CIVIL ACTION

NUMBER 11-283-FJP-SCR

**ORDER TO AMEND NOTICE OF REMOVAL
and
ORDER TO FILE DISCLOSURE STATEMENT**

Defendant Dolgencorp, LLC d/b/a Dollar General removed this case asserting subject matter jurisdiction under 28 U.S.C. § 1332, diversity of citizenship. In the Notice of Removal the defendant alleged that the plaintiff is a citizen of Louisiana, and it "is a foreign company organized under the laws of the State of Kentucky, with its principal place of business located in the State of Tennessee."[1] Defendant Dolgencorp alleged that defendant Building Pros "is a citizen of Texas," defendant Armadillo Group "is a citizen of Michigan," and defendant Max Speciality Insurance Company "is a citizen of Virginia." Defendant did not specifically allege whether defendants Building Pros and Armadillo Group are organized as corporations or limited liability companies. If they are corporations, the Notice of Removal did not allege where they are incorporated and have their principal places of business. As to defendant Max Speciality Insurance Company, assuming it is

---

[1] Record document number 1, ¶ III.

organized as a corporation, the Notice of Removal did not allege where it is incorporated and has its principal place of business.

In its Corporate Disclosure Statement, defendant Dolgencorp. LLC stated that it "is a wholly owned subsidiary of Dollar General Corporation, a corporation organized under the laws of the State of Kentucky."[2] This statement does not clarify whether defendant Dolgencorp, LLC is a corporation or a limited liability company. Defendant did not state where Dollar General Corporation has its principal place of business.

The other defendants have not filed a Corporate Disclosure Statement. Rule 7.1(b), Fed.R.Civ.P., requires the statement to be filed with the party's first appearance. Defendants Building Pros, Armadillo Group and Max Speciality Insurance Company filed an answer May 19, 2011.[3] Consequently, their disclosure statements are significantly past due.

When jurisdiction depends on citizenship, the citizenship of each party must be distinctly and affirmatively alleged in accordance with § 1332(a) and (c).[4]

Under § 1332(c)(1) a corporation is deemed to be a citizen of

---

[2] Record document number 3.

[3] Record document number 7.

[4] *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 804 (5th Cir. 1991), *citing*, *McGovern v. American Airlines, Inc.*, 511 F.2d 653, 654 (5th Cir. 1975)(quoting 2A Moore's Federal Practice ¶ 8.10, at 1662).

any state in which it is incorporated, and of the state in which it has its principal place of business. For purposes of diversity, the citizenship of a limited liability company is determined by considering the citizenship of all its members.[5] Thus, to properly allege the citizenship of a limited liability company, the party asserting jurisdiction must identify each of the entity's members and the citizenship of each member in accordance with the requirements of § 1332(a) and (c).[6]

Defendant's jurisdictional allegations are unclear and are not sufficient to establish diversity jurisdiction. The designation "LLC" typically is understood to mean that the entity is organized as a limited liability company rather than a corporation. If defendant Dolgencorp, LLC is in fact a corporation, then the defendant's jurisdictional allegation regarding it citizenship is sufficient. However, if it is a limited liability company, then the defendant's jurisdictional allegation is not sufficient.

As to the other defendants, it could well be that each is both organized as a corporation and has its principal place of business

---

[5] *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008); *see Carden v. Arkoma Associates*, 494 U.S. 185, 110 S.Ct. 1015, 1021 (1990).

[6] The same requirement applies to any member of a limited liability company which is also a limited liability company or a partnership. *Turner Bros. Crane and Rigging, LLC v. Kingboard Chemical Holding Ltd.*, 2007 WL 2848154 (M.D.La. Sept. 24, 2007)(when partners or members are themselves entities or associations, citizenship must be traced through however many layers of members or partners there are).

3

in the same state, such that each is a citizen only the state alleged. However, given the lack of preciseness of the defendant Dolgencorp, LLC's jurisdictional allegations, the better course is for the removing defendant to also clarify the corporate form and allege the citizenship of defendants Building Pros, Armadillo Group and Max Speciality Insurance Company with particularity sufficient to leave no doubt about the court's diversity jurisdiction.

Therefore;

IT IS ORDERED that defendant Dolgencorp, LLC shall have 14 days to file an Amended Notice of Removal which: (1) clarifies its organizational form, and if it is organized as a limited liability company to properly allege its citizenship; and, (2) clarifies the organizational form and properly alleges the citizenship of defendants Building Pro, Armadillo Group and Max Speciality Insurance Company.

**Failure to comply with this order may result in the case being remanded for lack of subject matter jurisdiction without further notice.**

IT IS FURTHER ORDERED that defendants Building Pro, Armadillo Group and Max Speciality Insurance Company file a Rule 7.1 disclosure statement within 14 days.

Baton Rouge, Louisiana, July 15, 2011.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE